**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**ANTONIO MALLET,**

**Plaintiff,**

**- against -**

**ROBERT T. JOHNSON, BRONX COUNTY DISTRICT ATTORNEY,**

**Defendant.**

---

**09 Civ. 8430 (JGK)**

**MEMORANDUM OPINION AND ORDER**

**JOHN G. KOELTL, District Judge:**

The plaintiff, Antonio Mallet, a prisoner incarcerated at Eastern Correctional Facility, brought this action pro se against Bronx County District Attorney Robert T. Johnson under 42 U.S.C. § 1983. The plaintiff seeks the release of fingerprint and ballistic evidence collected in connection with his 1999 criminal trial. The plaintiff also requests the release of records and reports prepared during the investigation, along with the personnel records for the investigation's lead detective. The defendant moves to dismiss for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). The plaintiff also requests a copy of the transcript of another proceeding, as well as the appointment of counsel.

**I.**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the Complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id.

When faced with a pro se complaint, the Court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that it suggests." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (brackets and internal

quotation marks omitted). "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (internal quotation marks omitted). Thus, although the Court is "obligated to draw the most favorable inferences" that the complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled." Id.; see also Benavides v. Grier, No. 09 Civ. 8600, 2011 WL 43521, at *1 (S.D.N.Y. Jan. 6, 2011).

**II.**

The following allegations are assumed to be true for the purposes of this motion.

On September 23, 1999, following a jury trial, the plaintiff was convicted in the New York State Supreme Court, Bronx County, of murder in the second degree. He was sentenced to a term of twenty years to life imprisonment. On December 12, 2000, the Appellate Division, First Department, affirmed the plaintiff's conviction on appeal. People v. Mallet, 717 N.Y.S.2d 530 (App. Div. 2000). Leave to appeal to the New York Court of Appeals was denied. People v. Mallet, 750 N.E.2d 82 (N.Y. 2001). By motion to the Supreme Court, Bronx County, the plaintiff moved to vacate the judgment pursuant to New York Criminal Procedure Law § 440.10 based on the grounds of

ineffective assistance of counsel. The court denied this motion, and leave to appeal to the Appellate Division denied.

The plaintiff sought relief in federal court by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Judge Marrero denied the plaintiff's petition and rejected all of his claims. The plaintiff moved for reconsideration, and Judge Marrero denied that motion. The plaintiff moved a second time for reconsideration, this time on the basis on "newly obtained" evidence. Judge Marrero rejected this motion as repetitive of his previous motions, and the Second Circuit denied the plaintiff's subsequent motion for a certificate of appealability and dismissed his appeal. Mallet v. Miller, 432 F. Supp. 2d 366 (S.D.N.Y. 2006), recons. denied, 438 F. Supp. 2d 276 (S.D.N.Y. 2006), recons. denied, 442 F. Supp. 2d 156 (S.D.N.Y. 2006), appeal dismissed, No. 06-3255-pr (2d Cir. Dec. 26, 2006).

On August 17, 2006, the plaintiff returned to state court and submitted a second § 440.10 motion to vacate the judgment of conviction, this time on the basis of, among other things, allegedly newly-discovered evidence. (Aroubas Decl., Ex. B ("Second § 440.10 Order") at 3.) The plaintiff alleged that the ballistics detective who testified at trial was capable of performing microscopic analysis, and if the jury were given more information about the detective's ability to perform such

analysis, it would have been evidence for the plaintiff. As relevant to this case, the Supreme Court denied the plaintiff's request on two grounds. First, it determined that the evidence of the detective's capabilities was available to the plaintiff before and during trial, which precluded a motion under § 440.10. Id. at 4. Second, it found plaintiff's argument that the evidence would have affected the outcome of the trial to be speculative at best. Id. at 4-5.

On March 5, 2008, the plaintiff returned to federal court and moved for an order vacating the denial of his habeas petition on the basis of newly-discovered evidence. Mallet v. Miller, 553 F. Supp. 2d 336 (S.D.N.Y. 2008). The plaintiff presented an article published in the New York Law Journal on September 15, 2005 that described a detective who used microscopic analysis to examine a bullet. Id. at 336. Judge Marrero rejected this motion on the grounds that the evidence was not "new," because it was published before the court's denial of the plaintiff's petition, and moreover, because the evidence "would not be sufficient to establish by clear and convincing evidence that no reasonable jury would have found [the plaintiff] guilty of the offense, given the substantial record otherwise supporting his conviction." Id. at 336-37.

On June 10, 2008, the plaintiff returned to state court and filed a third motion to vacate his judgment pursuant to CPL

§ 440.10, and a motion to release the fingerprints and ballistic evidence used in his case pursuant to CPL § 440.30(1-a). (Aroubas Decl., Ex. C ("Third § 440.10 Order") at 1.) The court denied the plaintiff's motion to vacate on all grounds. Id. at 7. The court also denied the plaintiff's request for access to evidence on the ground that the plaintiff had articulated this request in previous applications and had repeatedly failed to provide an exception for reviving the claim. Id. at 6-7.

Meanwhile, the plaintiff filed several Freedom of Information Law ("FOIL") requests to obtain evidence from his criminal investigation. On October 5, 2006, the plaintiff filed a FOIL request for the fingerprints and ballistic evidence collected at the crime scene. (Compl., Ex. D, ("FOIL Order") at 2.) On October 19, 2006, the plaintiff filed a FOIL request for the police reports and paperwork from the investigation. After receiving an insufficient response, the plaintiff appealed to the Records Access Appeals Officer ("RAAO"), who denied his appeal on May 11, 2007. After the appeal was denied, the plaintiff commenced an Article 78 proceeding. Id. at 3. On April 2, 2008, the Supreme Court denied a motion to dismiss the Article 78 petition. Id. at 9-10. On May 16, 2008, the Records Access Officer ("RAO") provided the plaintiff with photostatic copies of the fingerprint evidence. (Compl., Ex. H at 3.) The plaintiff was unable to retest these copies. (Compl. at 4.)

The RAO also certified that “police reports, photographs and audiotapes of all wiretaps and surveillance,” which the plaintiff had requested, could not be located. (Compl., Ex. H at 3.)

On February 5, 2008, the plaintiff filed a FOIL request to obtain the personnel records of Detective Nieves, the lead detective in his criminal investigation. (Compl., Ex. K.) The request was denied pursuant to Public Officers Law §§ 87(2)(e) and (a), which exempts police officer personnel records from disclosure. (Compl., Ex. L.) The plaintiff appealed the decision, (Compl., Ex. M), and on April 25, 2008, the RAAO denied this appeal. (Compl., Ex. N.) The RAAO informed the plaintiff that he could seek judicial review of the decision by commencing an Article 78 proceeding within four months of the decision. Id. The plaintiff did not commence an Article 78 proceeding.

On October 5, 2009, the plaintiff filed this action pursuant to § 1983 alleging that he was wrongfully denied post-trial access to evidence. The plaintiff requests the following evidence: (1) the latent fingerprint lifts; (2) the seven Polaroid photos of the fingerprint lifts; (3) the fingerprint tape; (4) the white actual fingerprint cards; (5) the results from the fingerprints report; (6) the deformed lead bullet and fragments; (7) the crime scene color photographs of the

ballistic evidence; (8) all ballistic work sheets; (9) audio and surveillance tapes, along with paperwork from the criminal investigation; and (10) personnel records for Detective Nieves. (Compl. at 2, 6.)

**III.**

Section 1983 provides a cause of action to those who challenge a state's "deprivation of any rights . . . secured by the Constitution." 42 U.S.C. § 1983. The plaintiff claims that the defendant, in denying him access to post-conviction evidence, has deprived him of protections guaranteed by the Due Process Clause and Equal Protection Clause. The plaintiff also alleges that this denial has deprived him of his right to access the courts.

**A.**

In two recent decisions, the Supreme Court has instructed how to proceed when a defendant brings a post-conviction due process claim under 42 U.S.C. § 1983 and seeks access to potentially exculpatory evidence. See Skinner v. Switzer, 131 S. Ct. 1289 (2011); Dist. Attorney's Office for Third Judicial Dist. v. Osborne, 129 S. Ct. 2308 (2009). Both Skinner and Osborne involved requests for evidence for the purposes of DNA testing. Although the plaintiff in this case seeks fingerprint and ballistic evidence, these recent decisions are instructive.

In Skinner, the Supreme Court held that a post-conviction claim for access to evidence is properly brought under § 1983. Skinner, 131 S. Ct. at 1293. The Court reasoned that § 1983 was the proper vehicle for such a claim rather than a petition for habeas corpus because success in obtaining DNA testing would not "necessarily imply" the invalidity of the conviction. Id. at 1298. While the outcome of the testing might prove exculpatory, that outcome "is hardly inevitable." Id. However, the Court noted that its earlier decision in Osborne severely limited this right. Id. at 1293. In Osborne, the Court held that a convicted defendant has no freestanding substantive due process right to obtain DNA testing. Osborne, 129 S. Ct. at 2322. Instead, the issue is whether the state's procedures afforded to post-conviction defendants for access to information to vindicate the state right to post-conviction relief are adequate. Osborne, 129 S.Ct. at 2320; McLean v. Brown, No. 08 Civ. 5200, 2010 WL 2609341, at *7 (E.D.N.Y. June 25, 2010.) Federal courts "may upset a State's postconviction relief procedures only if they are fundamentally inadequate to vindicate the substantive rights provided." Osborne, 129 S. Ct. at 2320; see also McKithen v. Brown, 626 F.3d 143, 151-55 (2d Cir. 2010)(applying Osborne and finding that the procedures under New York law for DNA testing are constitutionally adequate).

In New York State, FOIL provides a mechanism by which a prisoner may obtain evidence related to a prior conviction. See N.Y. Pub. Off. Law. § 84. Under FOIL, government records are presumptively open to the public, and post-conviction defendants qualify as members of the public when seeking information about their cases. Gould v. N.Y.C. Police Dep't, 675 N.E.2d 808, 811 (N.Y. 1996).

The plaintiff has failed to allege that FOIL procedures are fundamentally inadequate. In a thoughtful opinion, Judge Gibson recently held that FOIL proceedings provide an "adequate means of protecting the prisoner's interests, including access to judicial review in state Supreme Court." McLean, 2010 WL 2609341, at *7; see also Blount v. Brown No. 10 Civ. 01548, 2010 WL 1945858, at *2 (E.D.N.Y. May 11, 2010)("the procedures set forth under New York law are sufficient to protect any property interest that a person might have in the receipt of FOIL documents"). A prisoner may make a FOIL request for relevant records, and if a request is denied, the prisoner may appeal this decision. After exhausting all administrative remedies, a prisoner may challenge the denial in a state-court action for judicial review under Article 78 of the CPLR. See N.Y. Pub. Off. L. § 89(4)(b). The sufficiency of Article 78 proceedings to satisfy due process requirements is well-established. See Hellenic Am. Neighborhood Action Comm. v. City of New York, 101

F.3d 877, 880-81 (2d Cir. 1996)("An Article 78 proceeding is adequate for due process purposes even though the petitioner may not be able to recover the same relief that he could in a § 1983 suit."); see also Papay v. Haselhuhn, No. 07 Civ. 3858, 2010 WL 4140430, at *9-10 (S.D.N.Y. Oct. 21, 2010) (availability of Article 78 proceeding defeats claim that denial of FOIL request violates due process); Getso v. CUNY, No. 08 Civ. 7469, 2009 WL 4042848, at *4 (S.D.N.Y. Nov. 18, 2009) (same). Accordingly, the availability of an Article 78 proceeding satisfies any procedural due process right of the plaintiff to avail himself of the state law rights in question.

Additionally, the plaintiff has failed to use fully the state process. Like the state prisoner in Osborne, this leaves the petitioner, "in a very awkward position." Osborne, 129 S.Ct. 2321. While there is no requirement to exhaust state-law remedies, see Patsy v. Board of Regents of Fla., 457 U.S. 496, 500-1 (1982), it is the plaintiff's burden to show the inadequacy of the state law procedures available to him in state post-conviction relief. Osborne, 129 S.Ct. at 2321. There is no indication that the petitioner followed up on his Article 78 petition after the Supreme Court refused to dismiss it. There is also no indication that the petitioner sought Article 78 relief from the May 16, 2008 decision of the RAO or the April 25, 2008 decision of the RAAO. As in Osborne, the procedures

are adequate on their face, and without pursuing them, the plaintiff cannot argue that they do not work in practice. Id.

To the extent the plaintiff alleges that the inability to obtain the actual fingerprint and ballistic evidence makes these procedures inadequate, the plaintiff does not have a state-created right to this evidence and therefore has no recognizable claim under § 1983. Under FOIL, physical evidence is exempted from disclosure because physical evidence does not fit within the statutory definition of "record." See Sideri v. Office of Dist. Atty., 663 N.Y.S.2d 206, 206 (App. Div. 1997); see also N.Y. Pub. Off. Law § 86(4). Moreover, there is no state-created right to post-conviction access to such evidence. See Nwobi v. Kelly, No. 06 Civ. 4848, 2006 WL 2882572, at *3 (E.D.N.Y. Oct. 6, 2006).[1]

**B.**

The plaintiff also alleges an equal protection violation on the ground that he is being treated differently from others who are similarly situated.

"The Equal Protection Clause requires that the Government treat all similarly situated people alike." Harlen Assocs. v. Inc. Vill. of Mineola, 273 F.3d 494, 499 (2d Cir. 2001). "[T]he

[1] In an effort to narrow the issues in this case, the Court urged counsel for the defendant to determine what additional documents could be produced. The defendant's counsel, without waiving any rights, produced color photographs of the crime scene. The plaintiff rejected these documents as inadequate.

prototypical equal protection claim involves discrimination against people based on their membership in a vulnerable class . . . ." Id.

Courts also recognize equal protection claims by individuals "who allege no specific class membership but are nonetheless subjected to invidious discrimination at the hands of government officials." Id. The Supreme Court has instructed that "[o]ur cases have recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam).

Here, the plaintiff has not set forth an equal protection claim on either ground. First, the plaintiff had not claimed class membership because prisoners who seek evidence are not members of a protected class. See Lee v. Governor of N.Y., 87 F.3d 55, 60 (2d Cir. 1996) (noting that "prisoners . . . are not a suspect class"); see also McLean, 2010 WL 2509341, at *8 n.7. Second, the plaintiff has not alleged that he is being treated differently from any similarly situated individuals. The plaintiff appears to argue that seekers of DNA evidence and seekers of other types of evidence should have the equal access to evidence. However, the plaintiff is not similarly situated

to those seeking DNA evidence. The difference in treatment of the two types of claimants has a rational basis, in that DNA evidence may have a greater capacity to exonerate individuals, and therefore, the New York legislature chose to afford greater protections to post-conviction defendants who seek DNA evidence than those who seek, for example, ballistic or fingerprint evidence.

The plaintiff cites Frails v. City of New York, 236 F.R.D. 116 (E.D.N.Y. 2006), as evidence that he is being treated differently from others who are similarly situated. In Frails, the court provided the plaintiff with access to evidence of an officer's prior misconduct. Id. at 117-18. However, Frails is inapposite because the plaintiff in Frails and the plaintiff in this case are not similarly situated. The plaintiff in Frails brought an excessive force claims against the police officer whereas the plaintiff in this case seeks evidence to challenge his conviction.

Therefore, the plaintiff's equal protection claim fails as a matter of law.

**C.**

The plaintiff also brings an access to courts claim. The plaintiff contends that the defendant's failure to provide him with his requested evidence has "hampered his ability to prove

his innocence," and that this has "denied him meaningful access to the courts."

In order to establish a constitutional violation based on a denial of access to the courts, a plaintiff must show that the defendant's conduct was deliberate and malicious, and that the defendant's actions resulted in an actual injury to the plaintiff. Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003). To show actual injury, the plaintiff must demonstrate that the defendant's conduct frustrated the plaintiff's efforts to pursue a non-frivolous claim. Lewis v. Casey, 518 U.S. 343, 352-53 (1996).

Here, the plaintiff was not denied access to the courts for any non-frivolous claim. He repeatedly presented his arguments to the state courts with respect to the purported evidence and they were rejected. He specifically argued to Judge Marrero that fingerprint evidence would be exculpatory, and Judge Marrero denied that claim on the merits. Mallet 432 F. Supp.2d at 377. Accordingly, the plaintiff has failed to show that he has any plausible claim for denial of access to the courts.

**D.**

The plaintiff has also failed to allege District Attorney Johnson's personal involvement in the events at issue in this case. Johnson's involvement is pleaded in the conclusory terms

that “[t]he Office of The Bronx Country District Attorney, Robert T. Johnson, violated plaintiff’s rights under the United States Constitution. . . .” (Compl. at 7.) Because there are no allegations of the personal involvement of Johnson, the claims against him must be dismissed. See, e.g., Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)(Sotomayor,J); Haygood v. City of New York, 64 F. Supp. 2d 275, 279-80 (S.D.N.Y. 1999). Moreover, District Attorney Johnson is also entitled to absolute prosecutorial immunity. See, e.g., Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993); Day v. Morgenthau, 909 F.2d 75, 77 (2d Cir. 1990).

**E.**

In light of the dismissal of the plaintiff's complaint, the plaintiff's requests for the appointment of counsel and the production of a portion of a hearing transcript in McKithen are denied as moot.

## CONCLUSION

The Court has carefully considered all of the arguments raised by the parties. To the extent not specifically discussed above, they are either moot or without merit.[2] For the reasons

[2] It is unnecessary to reach the remaining arguments raised by the defendant for dismissal including the statute of limitations and collateral estoppel.

explained above, the defendants' motion to dismiss is **granted**. The plaintiff's requests for appointment of counsel and production of a hearing transcript are denied as moot. The Clerk is directed to enter judgment dismissing the complaint and closing this case. The Clerk is also directed to close all pending motions.

**SO ORDERED.**

**Dated: New York, New York**
**July 6 , 2011**

John G. Koeltl
United States District Judge