```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────────────
ANTONIO MALLET,
                                            09 Civ. 8430 (JGK)
                Plaintiff,
                                            MEMORANDUM OPINION AND
      - against -                           ORDER

ROBERT T. JOHNSON,

                Defendant.
────────────────────────────────────────
```

**JOHN G. KOELTL, District Judge:**

The plaintiff has inquired about the status of his notice of appeal from an order of this Court dated July 6, 2011, which resulted in a Judgment of Dismissal entered July 8, 2011. The plaintiff has provided a certified mail receipt indicating that the notice of appeal was sent to the Pro Se Office of the Court on July 10, 2011. The web site www.usps.com indicates that the plaintiff's document was delivered to the Court on July 21, 2011, but the Pro Se Office has been unable to locate the notice of appeal and it has not been docketed.

Federal Rule of Appellate Procedure 4(a)(1) provides, with certain exceptions, that a litigant seeking to appeal a judgment or order issued in a civil case must file a notice of appeal within thirty days after the date of entry of the judgment or order appealed from. Fed. R. App. Pro. 4(a)(1). While the plaintiff's notice of appeal was not actually docketed by the Pro Se Office during this thirty-day time period, it appears

from the www.usps.com website that the notice of appeal was in fact received by the Court during this time period. Accordingly, the Court finds that the plaintiff's filing of the notice of appeal was timely and directs the Clerk to accept it for filing. See, e.g., Payton v. City Univ. of N.Y., No. 03 Civ. 8536, 2007 WL 60515, at *1 (S.D.N.Y. Jan. 8, 2007) (assuming that notice of appeal was timely filed where it was marked as received by the Pro Se Office within thirty days after entry of judgment but not docketed during this time period); Johnson v. Fleming, No. 95 Civ. 1891, 1997 WL 266978, at *1 (S.D.N.Y. May 19, 1997) (deeming plaintiff's motion for an extension of time in which to file a notice of appeal timely where it was received by the Pro Se Office within the relevant limitations period but not actually filed within that time period).

In directing the Clerk to file the plaintiff's notice of appeal, the Court is not extending the time to file the notice of appeal beyond the thirty-day grace period provided by Federal Rule of Appellate Procedure 4(a)(5). See Cohen v. Empire Blue Cross & Blue Shield, 142 F.3d 116, 118 (2d Cir. 1998) (per curiam) (The Court "lacks [the subject matter] jurisdiction to grant any extension motion that is not filed within Rule 4(a)(5)'s 30-day 'grace period.'"). Rather, the Court is

2

directing the Pro Se Office to file and docket a notice of appeal that was timely received.

**SO ORDERED.**

Dated:   New York, New York
         June 19, 2012

_____
John G. Koeltl
United States District Judge